## PROVIDENCE.

BANK OF AMERICA LOAN AND TRUST COMPANY *vs.* MARCUS
M. BURDICK.

Where on a bill in equity for the dissolution of a partnership, for an account of
the debts and assets, for the appointment of a receiver and the winding up of
the partnership affairs, a decree granting the relief prayed for has been en-
tered, the creditors of the firm have an interest therein which the court will
protect ; and a creditor who attaches property of the firm, in an action brought
after the filing of the bill, might be enjoined from prosecuting his action and
required to surrender the attached property to the receiver.

But where, on such a bill, a decree merely appointing a receiver is entered and
no provision is made for taking an account, the creditors have no interest in
the suit, and there is no reason for interfering with a creditor who is pursuing
his remedy at law.

A partner filed a bill in equity against his copartner for a dissolution of the part-
nership, for an account, for a receiver, and for the winding up of the partner-
ship affairs. A decree appointing the defendant receiver was entered by con-
sent, but no provision was made for taking an account. After the filing of
the bill, but before the receiver was appointed, the plaintiff attached property
of the firm in an action against it, and refused to surrender the attached prop-
erty to the receiver upon his demand therefor. Subsequently, and after the
plaintiff had recovered judgment in his action, the attachment was dissolved
by an assignment executed by the partners to the defendant under the pro-
visions of Pub. Stat. R. I. cap 237, § 12. The plaintiff then brought his action
to recover of the defendant his costs in the attachment suit.

*Held,* that under Pub. Stat. R. I. cap. 237, § 19, the plaintiff was entitled to
recover.

EXCEPTIONS to the Court of Common Pleas.

*February* 21, 1894. MATTESON, C. J. This is an action
to recover the sum of $114.35, costs taxed in favor of the
plaintiff in a suit brought by it against the firm of George
F. Chapman & Co.

The facts are as follows : William F. Perry, Junior, and
George F. Chapman, were copartners in business under the
name and style of George F. Chapman & Co. While such
copartners, on November 23, 1892, Perry filed a bill in equity
in the Supreme Court for this county against Chapman for a
dissolution of the partnership, the taking of an account, the
appointment of a receiver of the partnership assets, and the

winding up of its affairs. The subpœna issued on the bill
was served on Chapman on November 25, 1892. On the fol-
lowing day, the plaintiff sued out from the District Court of
the Sixth Judicial District a writ of attachment against the
firm of George F. Chapman & Co. on a claim which it had
against them, and had it served on that date by attachment
of certain personal property of the firm. The defendant in
the present suit was appointed receiver in the equity suit,
*Perry* v. *Chapman*, on November 29, 1892, and thereupon,
before the recovery of judgment by the plaintiff in the suit
brought by him in the District Court, demanded from the
plaintiff and the attaching officer possession of the attached
property. Compliance with this demand was refused. On
December 6, 1892, Chapman and Perry made an assignment
of all their property, partnership and individual, to the pres-
ent defendant, which assignment was intended, as the de-
fendant alleges, for the equal benefit of all the creditors of
the assignors, and was duly recorded. It was, however, in
consequence of an omission by the scrivener, imperfect. The
plaintiff denied its sufficiency under Pub. Stat. R. I. cap. 237,
§ 12, to dissolve the attachment. Subsequently, on Decem-
ber 20, 1892, Chapman and Perry made a second assignment
to the defendant of all their property, partnership and indi-
vidual, for the equal benefit of all their creditors, which was
also duly recorded. Thereupon, the officer in possession of
the property attached, acting for the plaintiff, delivered the
property to the defendant. On December 15, 1892, the
plaintiff recovered judgment against the firm in the suit be-
gun by the attachment for its debt and costs.

Pub. Stat. R. I. cap. 237, § 19, provides that the costs in
cases upon which attachments or levies are made, which are
dissolved under the provisions of that chapter, shall be pre-
ferred and be first paid by the receiver appointed thereunder.

The plaintiff claims that it is entitled to recover under this
provision the costs which accrued on the attachment to the
date of its dissolution. The defendant having declined to
pay these costs, it brought this suit against him as assignee
of Chapman and Perry in the District Court of the Sixth

Judicial District.   In that court the defendant submitted to judgment for the plaintiff and appealed to the Court of Common Pleas for this county.   The latter court heard the case, jury trial being waived, and gave judgment for the plaintiff for the amount claimed and costs.   The defendant excepted to the judgment as erroneous and now brings the case before us on his exception for review.

The defendant claims that when the decree was entered in the equity suit, it took effect as to the plaintiff as of the filing of the bill, or at any rate, as of the time of the service of the subpœna; that the title to and the right to the possession of the property then passed to the receiver, and the plaintiff's attachment having been made after the equity proceedings were begun, it had no right to maintain the attachment after demand by the receiver for the property.

A bill for the dissolution of a partnership, for an account of the partnership property and debts, and for a receiver is, necessarily, a bill for the complete administration of the partnership affairs.   When a decree granting relief on such a bill has been entered, the bill cannot be dismissed by the consent of the complainant and respondent, without that of the creditors of the firm, though they may not be parties to the bill; since the decree is in the nature of a judgment in their favor.   In *Updike* v. *Doyle*, 7 R. I. 446, 460, it is said: "The creditors were not indeed, parties to this bill or decree; but as the latter provides for the ascertainment, in order to the payment, of their debts, they were interested in it.   Any creditor could avail himself of it; and after it, could be enjoined from proceeding at law for his debt, for the very reason that the decree opened to him a mode of recovering it.." If, then, a decree for the taking of an account of the partnership debts and assets had been entered in the equity suit, at or prior to the appointment of the receiver, we think there would have been good ground for the defendant's contention, so far, at least, that the plaintiff might have been enjoined from prosecuting its suit at law and required to surrender the attached property to the receiver on his demand. But on looking into the papers in the equity suit, which are

made by reference a part of the bill of exceptions, we do not find, though a decree for the appointment of a receiver appears to have been entered by consent, any decree for taking an account of the partnership debts and assets. Apparently, for some reason, the parties after the appointment of a receiver thought it advisable to settle the partnership affairs under the assignments to the defendant rather than to go forward with the equity suit. In the absence of a decree providing for the taking of the partnership accounts as stated, the creditors were in nowise interested in the suit; since no mode was provided of which they could avail themselves for the recovery of their debts. This being so, there was no reason for requiring the plaintiff to discontinue its suit and to surrender the property attached. Indeed, to have required this of the plaintiff might have worked a gross injustice to it; for the partners, having gotten rid of the attachment and obtained a surrender of the property to the receiver, could have dismissed the bill and compelled the receiver to dispose of the property as they might direct.

Exceptions overruled and judgment of the Court of Common Pleas affirmed with costs.

*Edward D. Bassett & Edward L. Mitchell*, for plaintiff.

*Dexter B. Potter*, for defendant.